**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4340**

———————————

UNITED STATES OF AMERICA,

                       Plaintiff - Appellee,

     versus

JOHN GREGORY MCKOY, JR.,

                       Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., District Judge. (7:05-cr-253-HMH)

———————————

Submitted: December 14, 2006      Decided: December 19, 2006

———————————

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

J. Bradley Bennett, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant. Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Gregory McKoy, Jr., appeals his sentence imposed for possession with intent to distribute fifty grams or more of cocaine and cocaine base and possession of a firearm in relation to a drug trafficking offense after pleading guilty. Counsel has filed an Anders v. California, 386 U.S. 738 (1967), brief and McKoy has not filed a pro se supplemental brief. The Government elected not to file a reply brief. Counsel raises issues of whether McKoy's sentence was reasonable. We affirm.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence. Davenport, 445 F.3d at 370. A sentence imposed within the properly calculated guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Because the district court adequately explained the basis for its sentencing decision, taking into consideration McKoy's arguments, we conclude that the resulting 180-month sentence was

reasonable.  See United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439); Green, 436 F.3d at 457.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm McKoy's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED